UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAFAH DAWOOD,

        Plaintiff,

                                Case No. 14-cv-12442
                                Honorable Gershwin A. Drain

v.


FIFTH THIRD BANK,
JPMORGAN CHASE BANK,

        Defendants.

                                  /

## ORDER DENYING DEFENDANT JPMORGAN CHASE BANK'S MOTION TO DISMISS [#10]

### I. INTRODUCTION

Defendant JP Morgan Chase Bank ("Chase") removed this case from the Wayne County Circuit Court [#1] on June 23, 2014. On July 10, 2014 Plaintiff, Rafah Dawood, filed an Amended Complaint for Declaratory Relief [#7] to determine the relative rights between the parties regarding a check issued by Farmers Insurance Exchange ("Farmers Insurance") in the amount of $596,775.49.

Presently before the court is Defendant Chase's Motion to Dismiss the Amended Complaint [#10] filed on August 1, 2014. This matter is fully briefed and the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve Defendant's Motion on the briefs submitted and cancels the October 15, 2014 hearing. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons discussed herein, the Court will **DENY** Defendant Chase's Motion to Dismiss the Amended Complaint.

-1-

## II. FACTUAL BACKGROUND

Plaintiff, Rafah Dawood, and her husband, Weeam Dawood, were the owners of a home located at 6306 Branford Drive in West Bloomfield, Michigan.  On December 30, 2010 a fire occurred at the residence resulting in the home's destruction.  The home was insured against loss due to fire, pursuant to a policy issued by Farmers Insurance, which named Defendant Chase as the payee.  At the time of the fire, the home was encumbered by two mortgages and a junior lien. The first mortgage on the home was held with Washington Mutual Bank ("Washington Mutual"), and was refinanced on October 4, 2004 in the amount of $715,000.00.  Defendant, Chase issued a second mortgage on March 4, 2005, which was used to secure a home equity line of credit in the amount of $359,650.  Similarly, IndyMac Bank held a junior lien, issued February 16, 2005 in the amount of $176,400, which was also used to secure an equity line of credit.

JP Morgan became the successor in interest to the mortgage held by Washington Mutual, and on March 30, 2009 Defendant Chase assigned the $715,000 mortgage on the home to Deutsche Bank National Trust Company ("Deutsche Bank").  On January 14, 2013 the Federal Deposit Insurance Corporation ("FDIC") filed an assignment of the mortgage to Chase to correct a break in the chain of title.  On January 22, 2013, Defendant Chase discharged Plaintiff's mortgage for the home equity line of credit.  Deutsche Bank sold the home as a foreclosure on May 14, 2013.

The crux of this dispute is centered on the insurance proceeds from the fire that destroyed Plaintiff's residence in December 2010.  Following the fire, there was an insurance dispute between Plaintiff and Farmers Insurance, which resulted in settlement discussions in November of 2011.  Following the settlement discussions, Plaintiff filed suit on November 8, 2012 against

Farmers Insurance in Oakland County Circuit Court.  In response, Farmers Insurance filed a counter-claim on December 7, 2012.

Following these claims, on October 1, 2013 Plaintiff and Farmers Insurance entered into a Joint Stipulation agreement, in which Farmers Insurance agreed, amongst other things, to immediately pay $175,000 for all of the contents claims involving the December 2010 fire in exchange for Plaintiff's release and discharge of Farmers Insurance of any and all future liability claims and demands.  Farmers also indicated that it would pay either a negotiated settlement amount, or up to the full amount, of the lien on the property held by both Chase and IndyMac.

On February 14, 2014 Farmers Insurance issued a check to both Defendant Chase and Plaintiff Rafah Dawood in the amount of $596,775.49.  Plaintiff asserts that she obtained an appropriate endorsement of the check by a representative of Chase and deposited the check into a Fifth Third Bank account.  The parties dispute each other's entitlement to the funds from the check issued by Farmers Insurance.

### III. LAW & ANALYSIS

**A.     Standard of Review**

Defendant removed this case to this Court on June 23, 2014 pursuant to 28 U.S.C. § 1441.  This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332.  Thus, according to the *Erie* doctrine, Michigan law will govern the substantive issues raised herein while federal law will govern the procedural matters. *See Erie R.R. v. Tompkins,* 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188 (1938) ("Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State."); *Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415, 417, 116 S. Ct. 2211, 135 L.Ed.2d 659 (1996) ("[F]ederal courts sitting in diversity apply state substantive law and federal procedural law."); *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S. Ct. 1020, 1021, 85 L. Ed. 1477 (1941) (holding

that federal courts sitting in diversity are to apply the choice-of-law rules of the state in which the court sits in order to resolve conflicts between state laws); *see also Performance Contracting Inc. v. DynaSteel Corp.*, 750 F.3d 608, 611 (6th Cir. 2014).

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted

unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.' " *Id*. at 679.

In her response, Plaintiff indicates that she is seeking relief pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See* Dkt. No. 12 at 1.  The Court will disregard her request to provide relief under Rule 12(c) for the purposes of this Order, because to the extent Plaintiff is seeking relief pursuant to Rule 12(c), she is required to file a separate motion. *See* E.D. Mich. L.R.—Appendix ECF at R5(e) ("[A]  response or reply to a motion must not be combined with a counter-motion. Papers filed in violation of this rule will be stricken.").

**B.      Legal Analysis**

Plaintiff argues that Defendant Chase has no interest or standing to claim proceeds from the check at issue because Defendant Chase assigned the mortgage and underlying note to Deutsche Bank in March of 2009.  *See* Dkt. No. 12 at 12.  Specifically, Plaintiff argues: "Chase is not the party of interest in the check at issue because Chase Bank gave up all of its rights, title, and interest in the check and any insurance proceeds on March 31, 2009 when it assigned the mortgage to Deutsche Bank." *Id.*  Defendant argues that the proceeds of the insurance check are due to Chase as servicer for the Trustee.  *See* Dkt. No. 13 at 5 n.5.

The Court will **DENY** Defendant Chase's Motion to Dismiss because Defendant Chase has not provided the Court with sufficient facts to show that the proceeds of the insurance check are due to Chase as a servicer for Deutsche Bank. .

Defendant Chase has sufficiently explained that it was an intended third party beneficiary to the disputed insurance proceeds as a result of the 2013 Joint Stipulation between Plaintiff and Farmers Insurance. *See* Dkt. No. 10 at 11 n.6.  It is undisputed that at the time of the 2013 Joint

Stipulation, Defendant Chase possessed a lien on Plaintiff's property; and that Plaintiff and Farmers Insurance agreed that Farmers Insurance would pay a negotiated settlement amount to Defendant Chase for Chase's lien held against Plaintiff's property. *See* Dkt. No. 10-11 at ¶ 2 ("Farmers Insurance Exchange agrees to pay either a negotiated settlement amount or up to the full amount of any liens against the insured property, . . ."); Dkt. No. 10-12 (State Court Dismissal as a Result of the 2013 Joint Stipulation).

This being the case, the Court finds that Defendant Chase was an intended beneficiary of the 2013 Joint Stipulation. *See* Mich. Comp. Laws Ann. § 600.1405(1); *Koppers Co. v. Garling & Langlois,* 594 F.2d 1094, 1098 (6th Cir.1979) (finding that in Michigan, "[a] third party beneficiary of a promise stands in the shoes of the promisee and is afforded the right under the common law and Mich. Comp. Laws Ann. § 600.1405 ... to enforce the promise against the promisor."); *Willis v. New World Van Lines, Inc.,* 123 F.Supp. 2d 380, 391 (E.D. Mich. 2000) (citing *Dynamic Construction Co. v. Barton Malow Co.,* 214 Mich. App. 425, 428, 543 N.W. 2d 31 (1996)) ("Third-party beneficiary status requires an express promise to act to the benefit of the third party; . . . .").

However, it is also undisputed that Defendant Chase assigned the Mortgage to Deutsche Bank in March of 2009, and discharged its lien on Plaintiff's property in January of 2013. *See* Dkt. No 10-6 (Chase Assignment of Mortgage); Dkt. No. 12-9 (Discharge of Chase home equity line of credit in the amount of $359,650, Dkt. No. 10-3).  Thus, if Defendant Chase transferred all of its rights to Deutsche Bank, Plaintiff would be correct in her assertion that Defendant Chase is unable to be a party in interest, as Deutsche Bank would be the proper party in interest in such a situation. *See* Dkt. No. 10-11 at ¶ 4 ("Plaintiff, Rafah Dawood, agrees to allow Farmers Insurance Exchange to join the identified holders on the insurance contract, Chase Home

Finance, LLC . . . (*or their appropriate successors in interest*), as additional parties necessary for resolution of this case in the pending action.") (emphasis added).

However, Defendant Chase maintains that it did not assign all of its rights to Deutsche Bank, but that it instead assigned its rights to Deutsche Bank as the Trustee of Defendant Chase. *See* Dkt. No. 13 at 5 n.5. Plaintiff contends that "it is very clear that Chase lost its interest in the check with the assignment to Deutsche Bank[,] and [that Chase] has not demonstrated how, as only the alleged servicer for Deutsche, Chase has any right to the insurance proceeds." Dkt. No. 12 at 12.

The Court finds that – in the relationship between Defendant Chase and Deutsche Bank, as explained by Defendant Chase – Defendant Chase could retain a right to the insurance proceeds because Deutsche Bank, as the Trustee, could merely be acting as the agent for Defendant Chase. *See*, *e.g.*, *Ford Motor Credit Co. v. Odom*, No. 266770, 2007 WL 2214444, at *4 (Mich. Ct. App. Aug. 2, 2007) (citing *Greer v. O'Dell,* 305 F.3d 1297, 1299 (11th Cir. 2002), which found that "a loan servicer is a 'real party in interest' with standing to conduct, through licensed counsel, the legal affairs of the investor relating to the debt that it services."); *CWCapital Asset Mgmt., LLC v. Chicago Properties, LLC*, 610 F.3d 497, 501-02 (7th Cir. 2010) (finding that although legal title to commercial mortgage was held in securitization trust, a mortgage servicer was the real party in interest authorized, under pooling and servicing agreement, to file suit in own name against mortgagor  because the agreement effectively delegated equitable ownership of claim to servicer by providing that servicer had "full power and authority, acting alone, to do or cause to be done any and all things in connection with such servicing," by requiring trustee to confer on servicer any authority needed to perform servicing

duties, including filing suit, and by authorizing servicer to sue in own name if suit related to loan it was servicing).

Nevertheless, Defendant Chase has not provided the Court with enough information to make the determination that such a Trustee relationship exists between Defendant Chase and Deutsche Bank.  In the cases where courts have found that the servicer of mortgages could serve as a party in interest, the courts relied specifically on ratifications by the trustee for the servicers to serve as the party of interests and/or the governing pooling and servicing agreements in the cases.  *See*, *e.g.*, *CWCapital Asset Mgmt.*, 610 F.3d at 501-02; *F.D.I.C. v. Graham*, No. 2:09-CV-436, 2010 WL 5157108, at *4 (S.D. Ohio Dec. 14, 2010); *Jaimes v. JPMorgan Chase Bank, N.A.*, No. 12 C 3162, 2013 WL 677740, at 3-4 (N.D. Ill. Feb. 25, 2013).  Here, Deutsche Bank, as the Trustee, has not given any ratification for Defendant Chase to serve as a party in interest and the Court has not been presented with any documentation of the pooling and servicing agreement between Deutsche Bank and Defendant Chase.

Thus, looking at the facts presented, while it is evident that Defendant Chase assigned the mortgage to Deutsche Bank as a Trustee, *see* Dkt. No. 10-6 ("JPMorgan Chase Bank, National Association successor in interest to Washington Mutual Bank f/k/a Washington Mutual Bank FA, 7225 Baymeadows Way, Jacksonville, FL 32256, for and in consideration of the sum of One Dollar ($1.00) and other good and valuable consideration, to it paid by DEUTSCHE BANK NATIONAL TRUST COMPANY **AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005- AR2,** 7225 Baymeadows Way, Jacksonville, FL 32256 . . . ."), the Court has no information on the parameters of the Trustee relationship.

Accordingly, while it appears that Defendant Chase could be a proper party in interest to collect the disputed insurance proceeds as a servicer for Deutsche Bank (depending on the details

of the securitization trust and the pooling and servicing agreement between Defendant Chase and Deutsche Bank);[1] the Court does not have adequate facts to completely analyze the relationship between Defendant Chase and Deutsche Bank.  Consequently, the Court will deny Defendant Chase's Motion to Dismiss.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Chase's Motion to Dismiss the Amended Complaint [#10].

SO ORDERED.

Dated: October 16, 2014

/s/Gershwin A Drain
Hon. Gershwin A. Drain
United States District Court Judge

---

[1] Under Michigan law, this approach would make sense. *See*, *e.g.*, *George Poy v. Allan*, 247 Mich. 385, 388, 225 N.W. 532, 533 (1929) ("Statutes requiring every action to be prosecuted in the name of the real party in interest are enacted to protect [the opposing party] from being repeatedly harassed by a multiplicity of suits for the same cause of action[.] . . . [S]o long as the final judgment, when and if obtained, is a full, final, and conclusive adjudication of the rights in controversy that may be pleaded in bar to any further suit instituted by any other party, the [opposing party] is not harmed."); *Kearns v. Michigan Iron & Coke Co,* 340 Mich. 577, 582; 66 NW2d 230, 233 (1954) (finding that an assignee of a contract may sue in its own name as a real party in interest where satisfaction of judgment will discharge the defendant from obligation to the assignor.)